IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| KIM L. ALLEN-PLOWDEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:07-420-JFA-BM |
| v. ) | |
| ) | |
| NATIONAL HEALTHCARE ) | |
| OF SUMTER, JEANIE S. CROTTS,) | **REPORT AND RECOMMENDATION** |
| BRENDA FLANAGAN, ) | |
| CAROL BROWN, ) | |
| ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, asserting claims under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq.; and/or the South Carolina Human Affairs Law, S.C.Code Ann. § 1-13-80.[1]

The natural Defendants Crotts, Brown and Flanagan[2] have filed a motion for partial dismissal pursuant to Rule 12, Fed.R.Civ.P., seeking dismissal as party Defendants on the grounds that individual employees are not liable for violations of any of these statutes. When considering a

---

[1] Plaintiff's allegations are contained in attachments to her pro se Complaint form, and the exact basis for her claims is therefore difficult to discern.

[2] The Defendant Flanagan is now deceased.

1



motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Because the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 29, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for her to file an adequate response. However, Plaintiff has not filed a direct response to the motion to dismiss, although she has filed a response to Defendants' answer, and has also filed several motions seeking to amend her Complaint. Plaintiff's latest motion to amend seeks to add state law causes of action against these three individual Defendants, and in a separate order the undersigned has granted Plaintiff's motion with respect to the addition of a state law defamation claim against the Defendant Brown. However, none of Plaintiff's filings constitute grounds for denial of these Defendants'

2



motion with respect to her discrimination claims.

First, the Fourth Circuit Court of Appeals has clearly held that employees of a corporate defendant are not liable in their individual capacities for Title VII violations. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 178-181 (4th Cir. 1988); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.'"]; see also Jones v. Tyson Foods, Inc., 378 F.Supp.2d 705, 708 (E.D.Va. 2004); Hooker v. Wentz, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) [supervisors not liable in their individual capacities for Title VII violations]; Dalton v. Jefferson Smurfit Corp., 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997). Individuals are also not liable for violations of the ADEA; Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994); the ADA; Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); or under the South Carolina Human Affairs Law. Orr v. Clyburn, 290 S.E.2d 804 (S.C. 1982); Fry v. Am. Italian Pasta Co., C/A No. 3:06-1274 (D.S.C. 2006). Therefore, all three of these individuals are entitled to dismissal as party Defendants under Plaintiff's discrimination causes of action.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for partial dismissal, dismissing the natural Defendants as parties under Plaintiff's discrimination causes of

3



action, be **granted**.³

       The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 4, 2007

---

³If the Court adopts this recommendation, and in light of the undersigned's granting of Plaintiff's motion to amend to add a state law defamation claim against the Defendant Brown, Brown will be the only individual remaining as a party Defendant in this case.

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

