IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kim L. Allen-Plowden, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:07-420-JFA-BM |
| v. | ) | |
| | ) | |
| National Healthcare of Sumter, Jeanie S. Crotts, Brenda Flanagan, and Carol Brown, | ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation dated September 4, 2007 ("the report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et. seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.*; and the South Carolina Human Affairs Law, S.C.Code Ann. § 1-13-80.  In her amended complaint, plaintiff asserts federal causes of action for race, age, and disability discrimination, and a state law claim for defamation.

On March 28, 2007, defendants Carol Brown ("Brown"), Jeanie S. Crotts ("Crotts"), and Brenda Flanagan ("Flanagan") filed a motion for partial dismissal pursuant to Fed. R. Civ. P. 12, seeking dismissal as party defendants on the grounds that individuals are not liable for violations of federal discrimination statutes.  Because this case involves a *pro se* plaintiff, the magistrate judge entered a *Roseboro* order on March 29, 2007, advising plaintiff of the importance of a motion to dismiss and the need to file an adequate response.  Plaintiff has not filed a direct response to the motion to dismiss, and no other document filed by plaintiff sets forth grounds for denial of the defendants' motion to dismiss with respect to her discrimination claims.

Plaintiff objects to the report and recommendation on the bases that (1) defendants Crotts and Flanagan should be added as parties to her defamation claim, and (2) wrongful termination and retaliation claims should be added against defendant National Health Care of Sumter.  However, neither of these objections addresses why the individual defendants should

not be dismissed as parties to the federal statutory discrimination claims. Instead, plaintiff's objections address arguments more properly included in a motion to amend the complaint.

In light of the standard set out above, after reviewing *de novo* the law, the report and recommendation of the magistrate judge, and plaintiff's objections thereto, the court is of the opinion that further oral argument would not aid in the decisional process and that the recommendation of the magistrate judge to dismiss the individual defendants as parties to the federal statutory discrimination claims should not be disturbed. Therefore, plaintiff's objections are overruled, and the defendants' motion to dismiss defendants Crotts, Brown, and Flanagan as parties to the federal statutory discrimination claims is granted.[1]

For the foregoing reasons, the report and recommendation of the magistrate judge is incorporated herein by reference, and the defendants' motion for partial dismissal is granted.

IT IS SO ORDERED.

October 26, 2007                                   Judge Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

---

[1] Defendant Brown is the only remaining individual defendant in this action, since plaintiff alleges no other causes of action against defendants Crotts and Flanagan.

3