IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kim L. Allen-Plowden, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:07-420-JFA-BM |
| v. | ) | |
| | ) | |
| National Healthcare of Sumter, Jeanie S. Crotts, Brenda Flanagan, and Carol Brown, | ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation dated April 2, 2008 ("the report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et. seq.*; and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.* In her amended complaint, plaintiff asserts federal causes of action for race, age, and disability discrimination, and a state law claim for defamation.

On November 11, 2007, defendants National Healthcare of Sumter and Carol Brown ("Brown") filed a motion for summary judgment seeking dismissal of plaintiff's complaint in its entirety.[1] On December 17, 2007, plaintiff filed a response in opposition to the motion, and on December 27, 2007, defendants replied.

On April 2, 2008, the magistrate judge filed a comprehensive and detailed report recommending that defendants' motion for summary judgment be granted and plaintiff's claims against defendants be dismissed in their entirety. The magistrate further recommended that if the summary judgment motion were granted, then defendants' pending motion to dismiss be denied as moot.

---

[1] Plaintiff's asserts a state law claim for defamation against defendant Brown, who is the only remaining individual defendant in this case after the court's dismissal of defendants Jeanie S. Crotts and Brenda Flanagan in an order filed on October 26, 2007.

On April 21, 2008, plaintiff filed objections to the magistrate's report.[2] In the objections, plaintiff argues that the magistrate erred in recommending dismissal of her ADA claim because she has presented evidence creating a genuine issue of material fact for trial. Plaintiff submits that her injuries on the job evidence an impairment that substantially limited a major life activity, walking and her ability to work, that her employer perceived plaintiff as disabled, and that her employer failed to reasonably accommodate plaintiff and allow her to work with her work restrictions. However, plaintiff has presented no evidence to support these assertions or to contradict the determinations reached by the magistrate after a thorough examination of the record in this case.

Plaintiff further argues that the magistrate erred in recommending dismissal of her Title VII claims for race discrimination and hostile work environment. With respect to the race discrimination claim, plaintiff argues that the record shows that she was treated differently from other non-African-American employees, and thus a genuine issue of material fact exists for this claim to go to trial. Plaintiff suggests that the magistrate improperly analyzed her disparate treatment claim under a "pretext plus rational" and required plaintiff to present evidence in addition to the discriminatory intent of the defendant. The court finds,

---

[2] In the objections, plaintiff did not object to the magistrate's recommendation to dismiss her age discrimination claim because in her response to defendants' motion for summary judgment plaintiff admitted that she failed to satisfy the elements of the ADEA claim. Therefore, it is the courts understanding that plaintiff only objects to the magistrate's recommendation to dismiss the Title VII actions for disparate treatment and hostile work environment, the ADA claim, and the state law defamation claim.

3

however, that the magistrate properly analyzed plaintiff's Title VII claim under the *McDonnell Douglas* pretext framework. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Furthermore, although plaintiff alleges that she has presented a genuine issue of material fact for trial, plaintiff points to no evidence giving rise to an inference of unlawful discrimination or showing that her employer's reasons for her written reprimand or termination were pretextual.

With respect to the hostile work environment claim, plaintiff argues that the magistrate erred in refusing to consider as evidence statements in an affidavit that contradicted prior statements given in her deposition. The court finds, however, that in making the summary judgment recommendation the magistrate properly refused to consider evidence submitted in an affidavit that contradicted plaintiff's prior deposition testimony. *See Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.2d 970, 974–75 (4th Cir. 1990). Nonetheless, plaintiff specifically refers the court to statements in the affidavit elaborating on the two instances alleged as evidence of a hostile work environment. Even when considering plaintiff's description of the allegedly misinformed confrontations with defendant, the court finds that these two discrete instances are insufficient to show racially motivated conduct that is sufficiently severe or pervasive to create a hostile work environment.

Lastly, plaintiff objects to the magistrate's recommendation to dismiss her state law defamation claim against defendant Brown for failure to show actual malice. Although

plaintiff admits that defendant Brown's statements were subject to the employer qualified privilege, she argues that "[w]hen looking at the Plaintiff's employment as a whole with the Defendant and taking into consideration all of the issue (sic) with her employer it is not so far to submit an inference from (sic) to Brown acting with Malice and allowing a jury to determine what actually occurred." Nevertheless, apart from these assertions plaintiff fails to submit any evidence, direct or circumstantial, showing that defendant Brown acted with actual malice in making the allegedly false statements. *See Hardee v. N.C. Allstate Servs.*, 537 F.2d 1255, 1260 (4th Cir. 1976) ("It is axiomatic that mere speculation cannot support a finding of malice.").

In light of the standard set out above, after reviewing *de novo* the law, the report and recommendation of the magistrate judge, and plaintiff's objections thereto, the court is of the opinion that further oral argument would not aid in the decisional process and that the magistrate's recommendation to grant summary judgment in favor of defendants and dismiss plaintiff's complaint in its entirety should not be disturbed. Therefore, plaintiff's objections are overruled, and the defendants' motion for summary judgment on all of plaintiff's claims is granted.

For the foregoing reasons, the report and recommendation of the magistrate judge [Dkt. # 98] is incorporated herein by reference, and the defendants' motion for summary judgment [Dkt. # 87] is granted. Accordingly, defendants' pending motion to dismiss [Dkt. # 72] is denied as moot.

5

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 3, 2008  
Columbia, South Carolina

Judge Joseph F. Anderson, Jr.  
United States District Judge